**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| HAIYING HUANG,<br>Plaintiff, | §<br>§ | |
| | § | Civil Action No. 4:25-cv-00181-P |
| v. | §<br>§ | |
| UNIVERSITY OF TEXAS AT ARLINGTON,<br>Defendant. | §<br>§ | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION**
**FOR JUDGMENT AND ADDITIONAL RELIEF**

COMES NOW Plaintiff Haiying Huang, by and through undersigned counsel, and files this Reply in Support of her Motion to Enter Judgment and for Attorneys' Fees and Costs, Front Pay, and Injunctive Relief. In response to Defendant University of Texas at Arlington's opposition and supporting brief, Plaintiff respectfully shows the Court as follows:

**I. Defendant's fee objections do not justify denying or reducing the award.**

The relevant hourly rate is the prevailing community rate for comparable work, taking counsel's experience and qualifications into account. *Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016). UTA's statewide and metropolitan averages do not establish a ceiling for experienced federal trial counsel—especially when accounting for the disparity between rates in larger and smaller counties—and the rates considered in *Williams v. Sake Hibachi Sushi & Bar Inc.* do not fix rates for every lawyer five years later. 574 F. Supp. 3d 395 (N.D. Tex. 2021). Frank Hill's affidavit supplies evidence of the requested rates, each attorney's qualifications, and comparable local practice. ECF No. 131, Appx. 004–006. Those individualized facts warrant more weight than UTA's proposed across-the-board substitutions.

UTA's objections to unsuccessful claims, denied motions, and allegedly unrelated entries must be assessed by examining the services performed, their relationship to this litigation, and the overall success obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 434–37 (1983). The competing theories concerning Huang's removal involved the same decision and overlapping evidence, as UTA acknowledges. ECF No. 134 at 5. The jury's rejection of one theory therefore does not require eliminating work necessary to prove the successful retaliation claim. Likewise, denial of the settlement enforcement motion does not make counsel's reasonable efforts to resolve this action unrelated to it, especially where UTA's own conduct vis-à-vis the settlement agreement necessitated the motion (and, indeed, full trial on the merits). The Court must consider the results obtained without imposing a fixed relationship between damages and fees. *Combs*, 829 F.3d at 394–96.

The billing records also document counsel's exercise of billing judgment, assigning "no charge" to 22 hours performed by Boswell and 76.9 hours performed by Rissler, among other exclusions. ECF No. 131, Appx. 026. *Fralick* itself explains that "[a] reduction for block billing is not automatic," and requires consideration of whether the evidence permits an assessment of the reasonableness of the hours claimed. *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 3:09-CV-0752-D, 2011 WL 487754, at *5 (N.D. Tex. Feb. 11, 2011). The Court should assess the descriptions together with Hill's affidavit, the proceedings conducted before it, and the temporal requirements of the undersigned counsel being substituted for Plaintiff's prior counsel so close to the original trial setting, rather than import percentage reductions imposed on a different evidentiary record.

The $3,284.90 expense request is supported by Hill's sworn explanation of the two trial settings and the settlement transcript. ECF No. 131, Appx. 006, 025. The question under 28 U.S.C.

§ 1920(2), (4) is whether transcripts and copies were necessarily obtained for use in the case; UTA's assertion that some exhibits went unused does not answer that question. Plaintiff seeks no duplicate recovery and maintains the request to reconcile projected fees against actual compensable work. ECF No. 132 ¶¶ 2.10–2.11.

**II. UTA's objections do not categorically foreclose front pay.**

The pleading issue and the disclosure issue are distinct. A failure expressly to request front pay before the verdict does not itself defeat the remedy. *Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869, 870–71 (5th Cir. 1991); *Julian v. City of Houston*, 314 F.3d 721, 729 & n.25 (5th Cir. 2002). Rule 37(c)(1), meanwhile, expressly recognizes substantial justification and harmlessness. The Court must consider the explanation, importance of the evidence, prejudice, and availability of a continuance. *CQ, Inc. v. TXU Mining Co., L.P.*, 565 F.3d 268, 279–80 (5th Cir. 2009). Plaintiff does not claim that naming future wages disclosed every valuation assumption, nor was it required to. She requests consideration of the existing compensation evidence and, if necessary, a limited opportunity for UTA to test disputed duration and valuation assumptions before the Court decides equitable relief. Rule 43(c) expressly permits affidavits, depositions, or oral testimony on a motion.

UTA cites a 2011 district court ruling in *Howe* as a Sixth Circuit opinion. ECF No. 134 at 7–8. While UTA's characterization of the district court's decision is correct, the Sixth Circuit later held in the same litigation that the trial court's exclusion of the plaintiffs' late-disclosed back pay calculations was an abuse of discretion after examining surprise, available cures, and harmlessness. *Howe v. City of Akron*, 801 F.3d 718, 747–50 (6th Cir. 2015). UTA's application of *Howe* as support for automatic exclusion of front pay is accordingly inaccurate.

Additionally, Huang's continuing faculty salary does not replace the $28,000 annual Associate Chair differential she seeks here. ECF No. 131, Appx. 027–028. In *Szeinbach v. Ohio*

*State University*, the court expressly stated that front pay was not at issue in the appeal; it did not decide whether a demoted employee could recover the lost compensation of a separate assignment. 820 F.3d 814, 820 (6th Cir. 2016). The relevant reinstatement question here is whether Huang can resume administrative leadership amid the conflicts described in her affidavit, not whether she can continue teaching. ECF No. 131, Appx. 028 ¶ 9.

Huang's thirteen-year request rests on her intended working life and her immediate predecessor's service exceeding ten years, rather than a presumed lifetime appointment. ECF No. 131, Appx. 028 ¶¶ 5–6. Likewise, personal knowledge of salary and departmental employment history does not make Huang an expert on economic discount rates. The Court is free to reject an unsupported increase or valuation assumption without disregarding competent evidence of the underlying wage loss. Plaintiff's opening memorandum acknowledges the calculation discrepancies and requests only an amount supported by the Court's findings. *Id.* ¶¶ 3.16–3.18.

Finally, the separate lawsuit does not make this request a demand for double or triple payment. Plaintiff seeks no compensation that would reflect her hypothetical promotion from Associate Chair to Chair, and her earlier belief that she might become Chair does not require inclusion in this calculation. ECF No. 132 ¶ 3.11. She expressly requests credit for any award in either action covering the same economic loss, with back pay, front pay, and continuing faculty earnings kept separate. That limitation prevents a duplicative award without denying otherwise supported relief.

**III. The Court may grant relief tailored to the adjudicated violations.**

Title VII expressly authorizes affirmative equitable relief. 42 U.S.C. § 2000e-5(g)(1). The Fifth Circuit has upheld injunctions addressing deficient harassment policies and training, and preventing recurrence. *EEOC v. Boh Bros. Construction Co.*, 731 F.3d 444, 469–70 (5th Cir. 2013)

(en banc). UTA's authorities concerning institutional reform and Article III require a connection between the injury and the remedy; they do not eliminate that statutory authority. ECF No. 134 at 10–11. Huang remains employed in the department where the violations occurred, and her affidavit describes continuing conflict and reciprocal grievances. ECF No. 131, Appx. 027–028. Those circumstances, considered with the jury's finding that UTA failed to take prompt remedial action, support specific prospective protections against recurrence.

Plaintiff does not contend that the verdict invalidates every EOS finding, establishes the later claims, or allows for judicial micromanagement of MAE. Her memorandum expressly recognizes those limits and requests additional findings connecting any corrective measure to the adjudicated injuries. ECF No. 132 ¶¶ 4.9–4.10, 4.20–4.21. If full rescission or a department-wide assessment exceeds the necessary remedy, the Court should consider the preserved alternatives: annotation or correction of specified inconsistent findings, targeted complaint-handling review, and limited training and reporting directed to preventing recurrence affecting Huang. *Id.* ¶¶ 4.10, 4.21. Each obligation must be specific under Rule 65(d), supported by a present remedial need, and confined to the proven violations and their continuing effects. Objections to the broadest requested provisions do not resolve whether those narrower protections are warranted.

## IV. Conclusion

Plaintiff respectfully requests entry of judgment on the verdict, reasonable attorneys' fees and recoverable expenses, the requested front pay, and supported injunctive relief, including the narrower alternatives already proposed. She also requests supplemental back pay and lawful interest updated through judgment without overlapping recovery. To the extent further substantiation is necessary, Plaintiff requests a focused supplemental submission or hearing rather than categorical denial of the affected remedy.

Respectfully submitted,

*/s/ Ian G. Klein*______________________

Frank Hill
State Bar No. 09632000
fhill@hillgilstrap.com
Ian G. Klein
State Bar No. 24123264
iklein@hillgilstrap.com
HILL GILSTRAP, P.C.
1400 W. Abram Street
Arlington, Texas 76013
Telephone: (817) 261-2222
Facsimile: (817) 861-4685

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on October 1, 2026, a true and correct copy of this Reply was served on all counsel of record through the Court's CM/ECF system.

*/s/ Ian G. Klein*___________________________
Ian G. Klein